UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| **Michael Kessler,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No.:** 21-597 |
| ) | |
| **Commercial Acceptance Company,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.  Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.  Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional."  Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability.  Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

1

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Michael Kessler, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Commercial Acceptance Company, a debt collection agency and/or debt purchaser operating from an address at 2300 Gettysburg Road, Suite 102, Camp Hill, PA 17011.

14. The Defendant is a debt collection agency and the Defendant is conducting business in the State of Pennsylvania. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt that was primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. The Plaintiff retained Dunne Law Offices for legal representation regarding the Plaintiff's debts.

26. Prior to May 19, 2020, the Defendant had reported to TransUnion credit reporting agency that the Plaintiff owed a debt to its client.

27. The reporting of a debt to a credit reporting agency by a debt collector is a communication to which the FDCPA applies.  *See* Daley vs. A & S Collection Assocs., Inc., 2010 WL 2326256 (D. Oreg. 2010); Akalwadi v. Risk Mgmt Alternatives, Inc., 336 F.Supp.2d 492, 503 (D. Md. 2004).

28. On May 19, 2020, the Plaintiff's legal counsel sent a letter to the Defendant via facsimile.  This facsimile transmission to the Defendant was successfully received by the Defendant.  *See Exhibit "2" attached hereto*.

29. This letter indicated that Plaintiff disputed the debt that Defendant is attempting to collect.  Section 1692e(8) does not require an individual's dispute be valid or reasonable.  Instead, the plaintiff must simply make clear that he or she dispute the debt.  Evans v. Portfolio Recovery Associates, 2018 U.S.App. LEXIS 11372 *14 (7th Cir. 2018); *see also* DeKoven v. Plaza Associates, 599 F.3d 578, 582 (7th Cir. 2010)("[A] consumer can dispute a debt for 'no reason at all . . .").

30. Communications sent via facsimile are assumed to have been received by the intended recipient if the facsimile confirmation indicates a successful transmission.  *See* Laouini v. CLM Freight Lines, Inc., 586 F.3d 473 (7th Cir., 2009)(holding that facsimile confirmation generated by the…fax machine was sufficient to create a factual dispute that …was received…); Bridgeview Health Care Center Ltd. v. Clark, 2011 WL 4585028, 3 (N.D.Ill 2011)("Indeed, in the facsimile transmission context, it is commonly understood that 'success' means that 'the two fax machines have performed an electronic "handshake" and that the data has been transmitted from one machine to the other.").  *See also*, Ira Holtzman, CPA v. Turza, 728 F.3d 682 (7th Cir. 2013); Grimm v. Crane Room Grille, Inc., 2019 WL 2996990 (W.D. Pa. 2019); Butry v. Warp Processing, Inc., 2011 WL 1151257 (M.D. Pa. 2011)(Court accepted a communication via facsimile to the EEOC within the statute of limitations).

31. On February 1, 2021, the Plaintiff obtained and reviewed a copy of his TransUnion credit report.  *See Exhibit "3" attached hereto*.

32. On February 1, 2021, the Defendant was continuing to report the Plaintiff's debt to it without indicating that the debt was disputed.  *See Exhibit "3" attached hereto*.

33. The TransUnion credit report dated February 1, 2021 indicates that it was last reported or verified January of 2021.  *See Exhibit "3" attached hereto*.

34. The TransUnion credit report dated February 1, 2021, fails to indicate that the debt was disputed by the consumer.  *See Exhibit "3" attached hereto*.

3

35. Plaintiff filed a lawsuit against Defendant in August of 2020 in which Plaintiff's Complaint again stated that the debt was disputed. *See* Dkt #1, ¶21 of <u>Michael Kessler v. Commercial Acceptance Company</u> -2:20-cv-03976-CFK.

36. Defendant was served with this Complaint on August 20, 2020.  This case was dismissed October 19, 2020. *See* Dkt #4 of <u>Michael Kessler v. Commercial Acceptance Company</u> -2:20-cv-03976-CFK.

37. Over five (5) months after being served with legal pleadings stating that this debt is disputed, Defendant still has failed to indicate on Plaintiff's credit report that this debt is disputed.

38. By failing to communicate that the debt at issue was disputed, Defendant violated the FDCPA. <u>Evans v. Portfolio Recovery Assocs</u>., 2018 U.S. App.LEXIS 11372 *12 – 13 (7th Cir. 2018)("Despite receiving the Letters, PRA still reported plaintiffs' debts to credit reporting agencies without noting that the debt amounts were disputed.  This is a clear violation of the statute"); *see also*, <u>Sayles v. Advanced Recovery Systems, Inc.</u>, 865 F.3d 246 (5th Cir. 2017).

39. The Defendant's violation of the FDCPA is material because Defendant's failure to update his credit report would make an unsophisticated consumer believe that he did not have the rights Congress had granted to him under the FDCPA.  This alleged violation of the FDCPA is sufficient to show an injury-in-fact.  <u>Evans v. Portfolio Recovery Assocs</u>., 2018 U.S. App. LEXIS 11372, *8-*9 (7th Cir. 2018); *See also* <u>Sayles</u>, *supra*, 865 F.3d at 250 (debt collector's violation exposed consumer to "a real risk of financial harm caused by an inaccurate credit rating").  Defendant's violation had a negative impact on Plaintiff's credit rating.  Defendant continues to harm Plaintiff's credit rating by failing to show the debt at issue disputed on Plaintiff's credit report.  Plaintiff, through his attorney, has faxed a letter to Defendant stating that the debt at issue is disputed and has sued Defendant over this issue; yet, Defendant refuses to note this debt as disputed.

40. The Defendant's violation of the FDCPA is a material violation of the statute.  Indeed, as the Seventh Circuit Court of Appeals stated, "[p]ut simply, the failure to inform a credit reporting agency that the debtor disputed his or her debt will always have influence on the debtor, as this information will be used to determine the debtor's credit score".  <u>Evans</u>, *supra*, at *20.

41. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  *See* <u>Gammon vs. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

**First Claim for Relief:**
**Violation of the FDCPA**

1. The allegations of Paragraphs 1 through 41 of the complaint are realleged and incorporated herewith by references.

4

2.  The Defendant violated 15 U.S.C. § 1692e(8) by continuing to attempt to report a debt to a credit reporting agency when it knew the debt was disputed by the consumer.  *See* 15 U.S.C. 1692e(8) ("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…");  Evans v. Portfolio Recovery Assocs., 2018 U.S. App.LEXIS 11372 (7th Cir. 2018); Brady vs. Credit Recovery Co., Inc., 160 F.3d 64, 65 (1st Cir. 1998)(Section 1692(e)(8) requires debt collector who knows, or should know, that a given debt is disputed to disclose its disputed status.  This standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is acquired); Sayles v. Advanced Recovery Systems, Inc., 865 F.3d 246 (5th Cir. 2017); Hoffman vs. Partners in Collections, Inc., 1993 U.S. Dist. LEXIS 12702 (N.D. Ill. 1993); Irvine v. I.C. Sys., Inc., 176 F.Supp.3d 1054, 1064 (D. Colo. 2016)(finding summary judgment for plaintiff on her § 1692e(8) claim appropriate where she alleged that defendant communicated the debt on plaintiff's account to CRAs, "but failed to communicate the material piece of information that the balance was disputed"); O'Fay v. Sessoms & Rogers, P.A., 2010 WL 9478988, at *8 (E.D.N.C. 2010)(granting plaintiff's motion for partial summary judgment on her § 1692e(8) claim, finding that "when [the debt collector] communicated with the [CRAs] about the disputed debt, it was required to convey that plaintiff disputed her debt to the [CRAs]," but that its "failure to do violated § 1692e(8), and the debt collector has not offered any evidence to rebut plaintiff's claim); Flores v. Portfolio Recovery Associates, LLC, 2017 WL 5891032 (N.D. Ill. 2017); Finnegan vs. Univ. of Rochester Med. Ctr, 21 F.Supp.2d 223 (W.D.N.Y. 1998); Francisco v. Midland Funding, LLC, 2019 WL 498936 (N.D. Ill. 2019); Register v. Reiner, Reiner, & Bendett, 488 F.Supp.2d 143 (D. Conn. 2007); Bielawski v. Midland Funding, LLC, 2019 WL 4278042 (N.D. Ill. 2019); 1st Nationwide Collection Agency, Inc. v. Werner, 654 S.E.2d 428 (Ga.Ct.App. 2007); Randall vs. Midland Funding, LLC, 2009 WL 2358350 (D. Neb. 2009); Kinel v. Sherman Acquisition II, L.P., 2007 WL 2049566 (S.D.N.Y. 2007); Acosta v. Campbell, 2006 WL 146208 (M.D. Fla. 2006); *see also* Daley vs. A & S Collection Associates, Inc., 717 F.Supp.2d 1150 (D.Oreg. 2010)(summary judgment issued for Plaintiff when the Defendant communicated credit information to credit reporting agency which it knew or should have known to be false); Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836 (D.Ariz. 2011)(holding that bona fide error defense did not excuse debt collector's error in failing to report that debt was in dispute); Hall v. Southwest Credit Systems, LP, 2019 WL 1932759 (D. DC 2019)(denying debt collector's bona fide error defense that it could not locate the applicable account despite having the consumer's correct last name, last four of her social security number, among other pieces of information).

3.  The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer.

4.  The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. §

   1692f by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer.

5. The Defendant misrepresented the status of this debt to a credit reporting agency which constitutes a violation of 15 U.S.C. § 1692e.

6. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ Stephen M. Dunne
Stephen M. Dunne
Dunne Law Offices, P.C.
Attorney for Plaintiff
1515 Market Street, Suite 1200
Philadelphia, PA 19102
Office: (215)551-7109
Fax: (215)525-9721
Email: stephen@dunnelawoffices.com